Robert J. Houston and Joel L. Haines *v.* The City of Lancaster, Edwin S. Smeltz, Mayor, and J. Harry Rathfon, City Treasurer, Appellants.

*Municipalities—Municipal debt—Two per cent limit—Constitution, article 9, section 8.*

Where a city, since the adoption of the constitution of 1874, has incurred an indebtedness of more than two per cent of its assessed valuation, and more than that percentage of such indebtedness is still outstanding and unredeemed, it cannot increase its debt without a vote of the people, although, by reason of reductions of the debt in existence on January 1, 1874, the proposed addition will not make the total debt more than two per cent above the debt existing on January 1, 1874.

Argued May 19, 1898.  Reargued Feb. 28, 1899.  Appeal, No. 179, Jan. T., 1898, by defendant, from decree of C. P. Lan-

caster Co., Equity Docket No. 3, page 211, making perpetual an injunction. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed. MITCHELL, J., dissents.

Bill in equity for an injunction. Before BRUBAKER, J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree making injunction perpetual.

*W. U. Hensel,* of *Brown & Hensel,* with him *A. F. Shenck,* city solicitor, for appellant, cited Morrow v. Pittsburg, 166 Pa. 152; Pike County v. Rowland, 94 Pa. 238; Wheeler v. Philadelphia, 77 Pa. 338; Brooke v. Philadelphia, 162 Pa. 127.

*Charles I. Landis,* for appellee, cited Pepper v. Philadelphia, 181 Pa. 566; Wilkes-Barre's App., 109 Pa. 554; Pike County v. Rowland, 94 Pa. 238; Wheeler v. Philadelphia, 77 Pa. 338.

OPINION BY MR. JUSTICE DEAN, April 24, 1899:

The following is a statement of the indebtedness of Lancaster city from the adoption of the present constitution until January 1, 1897:

| | | |
|---|---|---|
| Of January 1, 1874 . . . . . | $490,458 | 06 |
| On which there was then in the sinking fund | 80,358 | 06 |
| Leaving the net indebtedness at that time . | $410,100 | 00 |
| Of this indebtedness there is now in the sinking fund . . . . . | 205,900 | 00 |
| Leaving now outstanding of this indebtedness . . . . . . . | $204,200 | 00 |
| To which add old indebtedness, omitted by mistake, . . . . . . | 6,500 | 00 |
| Leaving total old indebtedness, outstanding, | $210,700 | 00 |

Since January 1, 1874, the city has contracted new indebtedness as follows:

| | | |
|---|---|---|
| Between January 1, 1874, and January 1, 1885 . . . . . . | $243,000 | 00 |
| Of which there is in the sinking fund . | 204,200 | 00 |
| Leaving outstanding of these loans . . | $ 38,800 | 00 |
| And since January 1, 1885 . . . | 395,000 | 00 |
| Making a total new indebtedness of . . | $433,800 | 00 |

All of this new indebtedness is, at this time, outstanding in the hands of creditors of the city, and no part of it is in the sinking fund.

| | | |
|---|---|---|
| The total old indebtedness outstanding is | $ | 210,700 00 |
| The total new indebtedness outstanding is | | 433,800 00 |
| Present actual outstanding indebtedness | $ | 644,500 00 |
| The assessed valuation of the taxable property on January 1, 1897, was | $15,416,646 | 00 |
| Two per centum of which is | | 308,322 92 |
| The present city debt, it will be noticed, is now | $ | 644,500 00 |

It is claimed this can be increased $73,932.92, so that it will reach but not exceed the amount of indebtedness allowed by the constitution of 1874, without a vote of the people. This claim comes squarely in conflict with the interpretation of section 8, article 9 of the constitution, as announced in Pepper v. City of Philadelphia, 181 Pa. 566. The question involved there was precisely the same as here, and the present chief justice speaks as follows:

"It is clear, therefore, that in all cases cited we have adhered to the proposition that the increase of two per cent authorized to be made by the second clause of the eighth section may not be transcended except by a popular vote, and this, whether the increase has been made by successive additions, each less than two per cent, or at one time and by one municipal act alone. We have not allowed this percentage of increase to be exceeded in any instance by mere municipal action. It follows, therefore, that, as the two per cent limit in the present case has been more than reached by previous additions, though by subsequent reductions the aggregate of the additions is now slightly below the two per cent limit, the ordinances authorizing the two loans of $8,000,000 and $3,000,000 respectively, are both invalid, and the plaintiff's bill must be sustained and the injunction prayed for awarded."

We intended, by that case, to settle the very question here raised. Brooke v. City of Philadelphia, 162 Pa. 123, and Bruce v. Pittsburg, 166 Pa. 152, do not touch it. Those cases hold that the sinking fund must be deducted from the amount borrowed, in determining whether the seven per cent limit has been

reached; here the question is, whether the two per cent limit of increase can be exceeded without a popular vote? We hold that it cannot. The city already has borrowed, since the adoption of the constitution, more than two per cent, and more than that percentage of that additional indebtedness is now outstanding and unredeemed. Although the proposed new debt would not exceed the seven per cent limit, nor exceed two per cent of the assessed valuation, nevertheless, it makes more than two per cent of new debt, since the constitution went into effect; therefore, notwithstanding the reductions, the municipal authorities must have recourse to the people for authority to increase the debt.

The decree of the court below is affirmed.